**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ROGRIC SMITH, on his own behalf and
on behalf of those similarly situated**                                              **PLAINTIFF**

v.                                        4:08-CV-02384-WRW

**COMCAST CORPORATION**                                                              **DEFENDANT**

<u>**ORDER**</u>

Pending is Defendant's Motion to Compel Arbitration and Stay Action (Doc. No. 16). Plaintiff has responded,[1] and Defendant has replied.[2] For the reasons set out below, Defendant's motion is GRANTED.

**I.    BACKGROUND**

Plaintiff brought this class action in the Circuit Court of Pulaski County, Arkansas, against Defendant, the nation's leading provider of cable, entertainment, and communications products. Plaintiff alleges that Defendant has committed fraud and violated the Arkansas Deceptive Trade Practices Act,[3] or in the alternative, has breached a contract between the parties.[4] Because of diversity, Defendant removed[5] this action to federal court and filed the motion to compel arbitration before filing its answer.[6] Defendant contends that under the Federal

---

[1] Doc. No. 24.

[2] Doc. No. 25.

[3] Ark. Code Ann. § 4-88-101, *et seq.*

[4] Doc. No. 2.

[5] Doc. No. 1.

[6] See Doc. Nos. 11-13.

Arbitration Act ("FAA"), "this Court should compel the parties to binding arbitration and stay this action pending arbitration."[7]

On February 25, 2009, after hearing oral argument on Plaintiff's motion, the parties were asked to provide additional authorities.[8]

## II.    STANDARD

Under the FAA, Congress has declared mandatory arbitration to be the policy of the land -- and the Courts have honored this Congressional "finding." "In the Eighth Circuit, arbitration is required if a valid agreement exists and the dispute falls within the scope of the agreement."[9] The FAA mandates that courts "shall direct parties to arbitration on issues to which a valid arbitration agreement has been signed."[10]

Whether an arbitration agreement has been entered into is a question of law, controlled by the applicable state contract law.[11] Arkansas law provides that the essential elements of a contract are: (1) competent parties; (2) subject matter; (3) legal consideration; (4) mutual agreement; and (5) mutual obligations.[12]

---

[7]Doc. No. 17.

[8]See Doc. Nos. 29-30.

[9]*Casteel v. Clear Channel Broad., Inc.*, 254 F. Supp. 2d 1081, 1087 (W.D. Ark. 2003) (citing *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001)).

[10]*Id.* (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

[11]*Id.*

[12]*Id.* (citing *Williamson v. Sanofi Winthrop Pharm., Inc.*, 60 S.W.3d 428 (2001)); But see David Newbern and John J. Watkins, *Motion to Compel Arbitration*, 2 Arkansas Civil Prac. & Proc. § 14:14, n. 14 (4th ed. 2009) ("Because the Arkansas Supreme Court's mutuality requirement 'singles out arbitration clauses for different treatment than contracts generally,' it could be preempted by the Federal Arbitration Act and thus inapplicable to agreements subject to that statute.) (citing Christopher R. Drahozal, *Nonmutual Agreements to Arbitrate*, 27 J. Corp. L. 537, 546 n.68 (2002)).

**III.   DISCUSSION**

Plaintiff does not dispute that he signed an arbitration agreement. However, Plaintiff contends that the arbitration provision contained in the parties' agreement has four infirmities:

> (1) it prohibits class claims; (2) it precludes punitive and other consequential and special damages; (3) it does not guarantee or require that the consumer will be reimbursed its arbitration expenses if the consumer is the prevailing party; and (4) it establishes a one-year statute of limitations.[13]

Plaintiff argues that "[w]hile Courts may have upheld arbitration provisions containing one or two of these infirmities, not a single one of Defendant's cases involves a provision that contains all four infirmities found in our provision."[14]

It appears after briefing, oral argument, and further research that I must uphold the arbitration agreement. Defendant has provided cases where courts have upheld each of the four "infirmities," although not all of them one case.[15] These courts have noted that the FAA was created by Congress to establish "a liberal federal policy favoring arbitration agreements."[16] Did Congress find the general public raising a hue and cry to give up the right to trial by jury? I've never heard such an outcry.

The right to file a class action lawsuit is one of the rights waived by the subject arbitration clause. While class action lawsuits have been abused, they often serve an important social purpose. This is the reason we have Federal Rule of Civil Procedure 23.

---

[13] Doc. No. 30.

[14] *Id.*

[15] See Doc. Nos. 17, 25, 29.

[16] *Bob Schulz Motors, Inc. v. Kawasaki Motors Corp., U.S.A.*, 334 F.3d 721 (8th Cir. 2003) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

Punitive damages are also precluded regardless of the conduct of Defendant. The net effect is virtual immunity for Defendant even if it intentionally misleads plaintiffs, and other similarly situated customers, and overcharges them.

If I were writing on a clean slate, I might well hold this type of proviso unconstitutional; but I'm not writing on a clean slate. I'm bound by precedent, and the weight of authority favors waivers such as the one in this case.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion to Compel Arbitration and Stay Action (Doc. No. 16) is GRANTED. This action is stayed pending arbitration, and the parties are directed to contact the Court when arbitration has completed.

IT IS SO ORDERED this 17th day of March, 2009.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE